**Esperanza BURGOS–ABRIL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 94–70781.**

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 1995.[*]

Decided June 26, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

John E. Ricci, San Francisco, CA, for petitioner.

Anthony W. Norwood, Office of Immigration Litigation, Washington, DC, for respondent.

Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.

**PER CURIAM:**

Esperanza Burgos, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order finding Burgos deportable and denying her request for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.

On petition for review, Burgos raises an issue of first impression. Specifically, Burgos alleges that by holding her deportation hearing inside a federal correctional facility, the IJ tainted the proceedings and violated her right to due process. We disagree.[1]

We review de novo whether deportation proceedings infringed upon an alien's due process rights. *Gonzalez–Julio v. INS*, 34 F.3d 820, 823 (9th Cir.1994).

An alien has a Fifth Amendment right to due process, including the right to a full and fair hearing in a deportation proceeding. *See Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir.1990). In general, however, an alien "has been denied a full and fair hearing which due process provides only if the thing complained of causes the alien to suffer some prejudice." *Nicholas v. INS*, 590 F.2d 802, 809 (9th Cir.1979).

Pursuant to 8 U.S.C. § 1252a(a)(1), the Attorney General is required to provide deportation proceedings at "Federal, State, and local correctional facilities for aliens convicted of aggravated felonies." *See* 8 U.S.C. § 1252a(a)(1). "Such proceedings shall be conducted in conformity with section 1252 of this title (except as otherwise provided in this section)...." *Id.*

Here, Burgos is an alien convicted of an aggravated felony and thus is subject to section 1252a(a)(1). Burgos was given a full and fair opportunity (1) to be represented by

---

1. The remaining issues raised in Burgos's petition for review are addressed in a concurrently filed unpublished memorandum disposition.

counsel at the deportation proceedings, (2) to prepare her application for § 212(c) relief, and (3) to present testimony and other evidence in support of her application. Moreover, the IJ was necessarily aware of her criminal status in that her conviction formed the basis for her deportation and was the predominant adverse factor in determining whether to grant her discretionary relief form deportation pursuant to section 212(c). In addition, Burgos has failed to demonstrate any prejudice from this alleged due process violation.

Given these circumstances, we find no due process violation as a result of conducting her deportation hearing within the prison in accordance with section 1252a(a)(1). *See* 8 U.S.C. § 1252a(a)(1); *Cuadras,* 910 F.2d at 573; *Nicholas,* 590 F.2d at 809.

**PETITION FOR REVIEW DENIED.**