83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Foday Brima KOROMA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1996.
Decided April 26, 1996.
 
 Before: BOOCHEVER, HALL, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Foday Brima Koroma, a native of Sierra Leone, applied for political asylum after an Immigration Judge ("IJ") found him deportable as an alien convicted of a crime involving moral turpitude (conspiracy to defraud and defrauding the government). Koroma's counsel withdrew before the asylum hearing, and Koroma was unrepresented at the hearing. The IJ found that Koroma had not established a well-founded fear of persecution, nor a clear probability of persecution. The Board of Immigration Appeals ("BIA") affirmed, finding that Koroma was not credible, and even if his testimony were believed, he had not shown a well-founded fear of persecution.
 
 
 3
 I. Koroma was not denied his statutory right to counsel
 
 
 4
 Koroma argues that he did not knowingly and intelligently waive his right to counsel. We review de novo whether deportation proceedings infringed on due process rights. Burgos-Abril v. INS, 58 F.3d 475, 476 (9th Cir.1995).
 
 
 5
 The Sixth Amendment does not establish a right to counsel in deportation proceedings. Castro-O'Ryan v. INS, 847 F.2d 1307, 1312 (9th Cir.1988) (as amended). The due process clause of the Fifth Amendment, however, guarantees aliens a right to obtain counsel at their own expense. Acewicz v. U.S. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Congress has enacted a statute to provide aliens faced with deportation the privilege of being represented by counsel, at no expense to the government. 8 U.S.C. § 1252(b)(2). Federal regulations required by the statute specify that the IJ must notify the alien of his right to counsel, and must provide the alien with a list of available free legal services at the deportation hearing. 8 C.F.R. §§ 242.10, 242.16(a).
 
 
 6
 The IJ complied with the regulations at the first deportation hearing, and continued the hearing so that Koroma could obtain counsel. At the resumed hearing, Koroma appeared with counsel and conceded deportation, announcing his intention to apply for asylum. At the asylum hearing, Koroma appeared pro se after his counsel withdrew. The IJ discussed the withdrawal of Koroma's counsel and asked whether he wanted time to look for another attorney or to proceed without one. Koroma stated that he wanted to proceed. Koroma now claims the IJ failed to secure a proper waiver of his right to counsel at the asylum hearing, alleging he did not again inform Koroma of his right to counsel and provide him with a list of attorneys.
 
 
 7
 Koroma's appeal memorandum to the BIA, filed without counsel, mentions that Koroma was without counsel during his deportation hearing, but does not raise the absence of counsel or informed waiver as an issue. The Immigration and Naturalization Service ("INS") argues that because Koroma failed to raise this issue before the BIA, he cannot raise it in this petition for review.
 
 
 8
 Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order. Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.
 
 
 9
 Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (quoting Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987)). Constitutional challenges to the Immigration and Naturalization Act and INS procedures are exempt from the exhaustion requirement, but a petitioner may not obtain review of procedural errors not raised before the BIA simply by alleging that the errors violate due process. Rashtabadi, 23 F.3d at 1567. If the BIA could have corrected any of the procedural errors, failure to raise the errors before the BIA leaves this court without jurisdiction to resolve them. Id. Koroma contends that he is not subject to the exhaustion requirement, because his lack of representation is an "overriding justification" for his failure to raise the issue to the BIA. He argues that without counsel, he could not be expected competently to frame the issue on his appeal to the BIA.
 
 
 10
 Rashtabadi did not involve an unrepresented alien's failure to raise to the BIA on appeal the issue of the statutory right to counsel. We do not believe this is an appropriate case to resolve whether Koroma's failure to argue the issue deprives us of jurisdiction, because Koroma's claim of lack of notice is without merit. "[W]here an appeal presents difficult jurisdictional questions, we may forego the resolution of these issues if the merits of the appeal are insubstantial." Clow v. United States Dep't of Housing and Urban Dev., 948 F.2d 614, 616 n. 2 (9th Cir.1991); see Lee v. City of Beaumont, 12 F.3d 933, 937-38 (9th Cir.1993) (same) (citing cases). We therefore need not address the difficult jurisdictional issue whether an unrepresented alien's failure to raise the denial of his statutory right to counsel before the BIA precludes our review of whether the right was violated, because we conclude that Koroma clearly received an adequate reminder of his right to counsel.
 
 
 11
 In Colindres-Aquilar v. INS, 819 F.2d 259 (9th Cir.1987), the IJ continued a deportation hearing to allow the petitioner to obtain counsel, and then at the beginning of the continued hearing simply noted that the petitioner was pro se before proceeding. We found a denial of the right to counsel in the absence of "some brief inquiry as to whether petitioner wished to have representation before proceeding.... A simple inquiry, such as 'Do you still wish to have counsel?' would have ensured that petitioner's right to representation was preserved." Id. at 261. At Koroma's asylum hearing, as we have indicated, the IJ discussed the withdrawal of Koroma's counsel, asked Koroma whether he wished to proceed, and offered Koroma time to look for another attorney. Koroma stated that he wanted to proceed, as he had received all the documents he needed. The IJ did not again state that Koroma had a right to an attorney, nor did he provide Koroma once again with the list of legal aid attorneys who might be willing to represent him at little or no cost.
 
 
 12
 The IJ's query in this case, however, was the "simple inquiry" required by Colindres-Aquilar. This is not a case in which the IJ proceeded without any mention of counsel's absence, see Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir.1988) (per curiam), nor did the IJ simply ask the alien appearing without counsel whether he meant to represent himself. See Castro-O'Ryan, 847 F.2d at 1311. Koroma had earlier received full advice concerning his right to counsel, and at the asylum hearing was again offered time to obtain counsel. There was no failure to give the statutorily required notice. Koroma was not deprived of his right to obtain counsel. See United States v. Torres-Sanchez, 68 F.3d 227, 231 (9th Cir.1995) (no deprivation of right to counsel when alien received full notice at first hearing, appeared without counsel at the second, and the IJ proceeded after asking why he was unrepresented and telling him he could proceed pro se); Hidalgo-Disla v. INS, 52 F.3d 444, 447 (2d Cir.1995) (claim of lack of informed waiver of alien's right to counsel is frivolous, when alien received full notice at first hearing, appeared at second unrepresented, and after another continuance to find counsel, appeared at third hearing without counsel, and IJ went forward without reiterating right to counsel).
 
 
 13
 II. Substantial evidence supported the BIA's finding that Koroma's testimony was not credible
 
 
 14
 The BIA found that Koroma's testimony was not credible, in part because he had been convicted of making false claims to the government in violation of 18 U.S.C. § 287, and of conspiring to make such false claims, in violation of 18 U.S.C. § 286. The BIA also found that Koroma was less than completely candid about his convictions at the hearing. Koroma claims this credibility determination was in error because it creates a presumption that the testimony of any alien who has been found guilty of a crime involving moral turpitude can be disregarded.
 
 
 15
 This court reviews the BIA's decision, rather than that of the IJ. Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994). The BIA has the power to make its own findings of fact, and must provide specific, cogent reasons for its disbelief of the petitioner. Id. This court reviews the BIA's credibility findings to determine whether they are supported by substantial evidence. Id. Under substantial evidence review, the BIA's factual determination may be reversed only if the evidence not only supports but compels a contrary conclusion. INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992).
 
 
 16
 Koroma had not been convicted merely of a crime involving moral turpitude, but of lying and conspiring to lie to the government to obtain benefits. The false statements that were the basis of his conviction were not related in any way to his claim of asylum or his fear of persecution. Cf. Turcios v. INS, 821 F.2d 1396, 1401 (9th Cir.1987) (false statements that support alien's claim of fear of persecution do not support negative credibility finding). Koroma's participation in a scheme to deceive the government is a specific, cogent reason to disbelieve his testimony.
 
 
 17
 We need not decide whether, standing alone, such a conviction would be a sufficient ground for a finding of lack of credibility. The BIA further found that Koroma was not credible because he was evasive in his answers to the IJ regarding his earlier conviction. In his testimony, Koroma attempted to minimize his involvement. The BIA was entitled to evaluate that testimony in judging Koroma's credibility.
 
 
 18
 The BIA therefore gave two specific, cogent reasons to discount Koroma's credibility. The IJ, however, did not make a specific credibility finding, although he did indicate that Koroma's criminal conviction could throw his credibility into question. The BIA thus is not in direct conflict with the IJ, and it is the BIA's decision that this court reviews. Cf. McMullen v. INS, 658 F.2d 1312, 1318 (9th Cir.1981) (when BIA and IJ conflict, court may consider the IJ's finding). The credibility finding was supported by substantial evidence.
 
 
 19
 Because we affirm the BIA's finding that Koroma was not credible, we do not address the BIA's holding that even accepting all of Koroma's testimony as credible, he had not shown a well-founded fear of persecution.
 
 
 20
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3