94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jagdish KUMAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70725.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1996.
Decided Aug. 12, 1996.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jagdish Kumar,[1] a 32-year-old male native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial of his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1158(a), 1253(h), and the denial of his request for voluntary departure pursuant to INA § 244(e), 8 U.S.C. § 1254(e). This Court has jurisdiction under 8 U.S.C. § 1105a. We grant the petition for review, vacate the BIA's decision, and remand this matter to the BIA for further proceedings.
 
 I. ASYLUM CLAIM
 A. Past Persecution
 
 3
 We will set forth in the course of our memorandum only those facts essential for decision; the parties are familiar with all of the remaining facts. We review factual findings of the BIA under the deferential "substantial evidence" standard, and we review questions of law under the INA de novo. Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995).
 
 
 4
 To be eligible for a discretionary grant of political asylum, Kumar must establish that he is a "refugee." INA § 208(a), 8 U.S.C. § 1158(a). Section 101(a)(42)(A) defines a refugee as an alien who is unwilling or unable to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Kumar contends that his 1986 and 1989 arrests by Punjabi police were persecution on account of his membership in the Shiv Sena party and his Hindu religion.
 
 
 5
 In ruling that Kumar had not established eligibility for asylum, the Immigration Judge found Kumar's testimony not credible. On appeal, however, the BIA stated that it found "it unnecessary to address the issue of the respondent's credibility because we find that even if we accept the facts as set forth by the respondent in the proceedings below, his brief on appeal, and the supplemental affidavit, we conclude that he neither suffered past persecution or has a well-founded fear of persecution on account of a ground protected under the Act."
 
 
 6
 When the BIA makes its own de novo ruling, we review its decision and not that of the Immigration Judge. See Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993); Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Because the BIA accepted the facts as related by Kumar and ruled him ineligible for asylum, our review is confined to that eligibility determination. Having accepted for purposes of decision the facts related by Kumar, and having found him ineligible for asylum, the BIA did not reach the question of discretionary denial of asylum. We can uphold the decision of the BIA only on the grounds upon which it based its decision. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (reviewing court is powerless to affirm administrative action on ground not invoked by the agency).
 
 
 7
 There were two incidents upon which Kumar based his claim of persecution. With regard to the first, the BIA found that Kumar's 1986 arrest at the Hindu temple was an attempt to prevent widescale hostilities between the Sikhs and Hindus during the period of potential violence following the killing of a Hindu schoolteacher. We do not disturb that finding. Although the circumstances surrounding Kumar's arrest and overnight detention could have supported a finding that the police arrested and detained Kumar because of his political opinion, the evidence did not compel this conclusion. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). In light of the escalating tensions between the Hindus and the Sikhs immediately prior to the arrest, substantial evidence in the record supports the BIA's conclusion that the arrests were an attempt to contain violence rather than to punish Kumar for his political opinion.
 
 
 8
 The second incident was Kumar's arrest, detention, and beating by the police because he had permitted a man named Jashi to stay in his home. The BIA found that Kumar's 1989 arrest "involved police accusations and proceedings against him resulting from accusations that he harbored a terrorist," and concluded that the detention and beating did not constitute persecution on account of Kumar's political opinion or religion. The BIA stated:
 
 
 9
 We can not find that the measures taken by the police rise to the level of persecution within the meaning of the Act. The record indicates that the respondent lied to a police officer by denying that he protected a wanted individual. The record also indicates that this individual was considered a terrorist and a government has a legitimate interest in investigating individuals suspected of terrorism. The respondent, by lying, subjected himself to police investigation and we do not find that this investigation constitutes persecution within the meaning of the Act. See generally Matter of R-, Interim Decision 3195 (BIA 1992) (mistreatment by Indian police does not establish eligibility for relief where the purpose of the mistreatment was to obtain information about militants who sought the overthrow of the Indian Government).
 
 
 10
 In so ruling, the BIA applied a standard that we found to be legally erroneous in Singh, 63 F.3d at 1508-10, which was decided after the BIA dismissed Kumar's appeal. In Singh, we rejected the BIA's similar reliance on Matter of R-, stating:
 
 
 11
 The very language of the BIA's opinion--petitioner "did not show that the police action extended beyond an investigation of and reaction against those thought, rightly or wrongly, to be militants seeking the violent overthrow of the government"--concedes that petitioner was "thought" by the police to be associated with Sikhs seeking a violent overthrow of the government. The BIA's own language describes a classic example of imputed political opinion.
 
 
 12
 Singh, 63 F.3d at 1509. This language is sufficiently applicable to Kumar's case to require us to remand for further consideration in light of Singh. Kumar stated that he was arrested and beaten because of his association with a "terrorist." He said that he denied harboring the terrorist because he was afraid. As we pointed out in Singh, India's statutory definition of terrorism is so broad that its enforcement may function as a means of political suppression. Id. at 1508 & n. 3. For the reasons stated in Singh, we conclude that the BIA erred in applying an incorrect standard of persecution. Id. at 1508-10; see also Blanco-Lopez v. INS, 858 F.2d 531, 534 (9th Cir.1988) (police threats because of perceived association with guerrillas constitutes persecution); Maldonado-Cruz v. INS, 883 F.2d 788, 792 (9th Cir.1989) (same). In so holding, we recognize that we owe deference to the BIA's interpretation of "persecution," Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc), but Singh establishes that the BIA's interpretation in this case is arbitrary.
 
 B. Future Persecution
 
 13
 The BIA also found that Kumar did not have a well-founded fear of future persecution on account of political opinion if he returned to India, noting that it was "particularly true if he resided elsewhere in India, where, as a Hindu, he would be a member of the majority of Indians." This finding, however, is not wholly independent of the BIA's earlier and erroneous conclusion that Kumar's 1989 arrest, detention, and beatings were not persecution within the meaning of the Act. When there has been past persecution, there is a presumption that the victim faces a similar threat on return to his or her country. Singh, 63 F.3d at 1510. With persecution established, it is not incumbent upon the victim to establish country-wide persecution. Id. at 1510-11. Thus "the existence of a country-wide threat of persecution is not relevant to determining either asylum eligibility, under 8 C.F.R. § 208.13(b)(1), or withholding of deportation eligibility, under 8 C.F.R. § 208.16(b)(2)." Singh, 63 F.3d at 1511. The reasonableness of Kumar's ability to relocate in India may be considered in granting or denying asylum as a discretionary matter, id., but the BIA did not reach the discretionary stage in deciding Kumar's appeal. We therefore vacate that portion of the Board's decision denying eligibility for asylum on the ground that Kumar had failed to establish country-wide persecution.
 
 II. WITHHOLDING OF DEPORTATION
 
 14
 The BIA concluded that, because Kumar did not establish that he was eligible for asylum, he therefore had not met the higher burden of establishing entitlement to withholding of deportation pursuant to INA § 243(h), 8 U.S.C. § 1253(h)(1). See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). Because we vacate and remand for reconsideration the BIA's ruling on Kumar's eligibility for asylum, we similarly vacate and remand for reconsideration its ruling on withholding of deportation.
 
 III. VOLUNTARY DEPARTURE
 
 15
 Because reconsideration after remand may render moot the issue of voluntary departure, we decline to rule upon the propriety of the board's denial of that discretionary relief. The denial of voluntary departure is vacated; the BIA retains discretion, of course, to reinstate the denial if asylum and withholding of deportation are denied on remand. The denial of voluntary departure, if reinstated, will then be subject to review on any further appeal of the BIA's remand decision.
 
 IV. MOTION TO CHANGE VENUE
 
 16
 Kumar contends that the IJ's refusal to change venue pursuant to 8 C.F.R. § 3.20(b) (1995) violated his due process or statutory rights. We review de novo the due process and statutory rulings. Burgos-Abril v. INS, 58 F.3d 475, 476 (9th Cir.1995) (per curiam); Reyes-Palacios v. INS, 836 F.2d 1154, 1155 (9th Cir.1988) (per curiam).
 
 
 17
 Kumar has a Fifth Amendment due process right to a full and fair hearing. To prevail on his claim, however, he had to demonstrate that the refusal to change venue was prejudicial. See Kotasz v. INS, 31 F.3d 847, 850 n. 2 (9th Cir.1994). There is no evidence that Kumar was prejudiced by having his hearing in Seattle rather than San Francisco. Kumar did not have any additional evidence or witnesses available in San Francisco that were unable to assist him because the hearing was in Seattle. See Baires v. INS, 856 F.2d 89, 90, 92 (9th Cir.1988) (two material witnesses could not travel to the forum). The IJ invited Kumar to renew his motion if he could make a showing of prejudice, but the record does not indicate that Kumar did so.
 
 
 18
 Kumar also contends that his due process right to choice of counsel was violated because he only had one hour and fifteen minutes to prepare for the hearing with his Seattle attorney, and was unable to bring a friend from San Francisco to help him communicate with his attorney. Kumar had a significant amount of time between December 11, 1990, when the motion for change of venue was denied, and February 19, 1990, his hearing date, to communicate with Seattle counsel or to renew his motion for change of venue. Kumar was represented by Seattle counsel of his choice, and he did not show that a different attorney might have "obtained a different result by a more skillful marshalling of facts and arguments." Acewicz v. INS, 984 F.2d 1056, 1063 (9th Cir.1993). No prejudice has been shown.
 
 
 19
 Because a showing of prejudice also is necessary to establish a violation of Kumar's statutory rights to choice of counsel and reasonable presentation of evidence under 8 C.F.R. § 3.20 (1995), his statutory claim fails as well.
 
 V. CONCLUSION
 
 20
 The BIA's decision that Kumar had not established eligibility for asylum on the basis of past persecution or fear of future persecution was based on an erroneous legal standard, under Singh, 63 F.2d at 1508-11. The BIA's denial of withholding of deportation was dependent upon its denial of asylum. We vacate those rulings and remand for reconsideration in light of Singh. We do not reach the issue of the BIA's denial of voluntary departure, but vacate that denial subject to reinstatement on remand if the BIA denies asylum and withholding of deportation on remand.
 
 
 21
 We affirm the BIA's ruling that the denial of a change of venue did not deny Kumar his constitutional or statutory rights, and did not constitute an abuse of the IJ's discretion.
 
 
 22
 PETITION FOR REVIEW GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Earlier in these proceedings, Kumar used the alias Balvinder Baigit Kumar. Kumar later informed the INS that his real first name is Jagdish