107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lina MOZIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70551.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1996.
Decided Jan. 27, 1997.
 
 Petition to Review a Decision of the Board of Immigration Appeals, No. Apk-drv-fky.
 B.I.A.
 AFFIRMED.
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lina Mozian, a Lebanon-born Palestinian-Christian, appeals the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her request for asylum and withholding of deportation.
 
 
 3
 I. Refusal to Continue Hearing.
 
 
 4
 In February of 1994, the IJ told Mozian that she would need to appear with her attorney in nine months "ready to proceed and present your case to me". She was also given written notice of the scheduled merits hearing. Moreover, the exchange occurred in the presence of her attorney at the time. When she appeared at the merits hearing, with new counsel procured only three weeks prior to the hearing (who also failed to investigate the hearing's significance), the IJ rejected Mozian's claim that she did not know the nature of the hearing. The IJ declined to continue the hearing, finding Mozian did not show good cause. Mozian, with the assistance of her new counsel, presented her case. Even without preparation by her attorney, she was able to relate in rather vivid detail the events that took place when she was in Lebanon.
 
 
 5
 Mozian cannot prevail in her challenge to the IJ's denial of the continuance because she has not demonstrated that she was prejudiced by the denial. Burgos-Abril v. INS, 58 F.3d 475, 476 (9th Cir.1995). She has not indicated that she could have adduced any additional evidence in support of her claim, other than corroborating testimony from her mother and sister. The BIA did not question her credibility, so additional accounts of the same facts would have had no effect on the outcome of her case.
 
 
 6
 II. Denial of Asylum.
 
 
 7
 Mozian would be entitled to asylum if she could demonstrate past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. 8 U.S.C. § 1101(a)(42). This persecution must be at the hands of the government or a group the government is unable or unwilling to control. See McMullen v. INS, 658 F.2d 1312, 1315 n. 2 (9th Cir.1981). The BIA found that Mozian demonstrated neither past persecution nor a well-founded fear of future persecution. This determination will be reversed only if the evidence was such that a reasonable factfinder would have to conclude otherwise. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We affirm because Mozian did not present any evidence that the Lebanese government would not or could not control the groups who persecuted her and her family.
 
 
 8
 Mozian testified that Christian Phalanges would repeatedly break into her family's house, threaten the family and accuse them of being Palestinian spies in order to extort money from her father. Mozian also testified that she was once stopped by an unknown Christian militia group while she was traveling with her father, tied to a tree, questioned and struck because the group believed she was involved with the Palestinian forces. Mozian further testified that Muslim groups, who viewed her as suspect because of her Christianity, frequently interrogated and tortured her.
 
 
 9
 While these incidents are unfortunate, they do not amount to past persecution because Mozian failed to establish that the Lebanese government could not or would not control these groups. Together with her asylum application, Mozian submitted some news articles regarding conditions in Lebanon; none of the articles, however, report an inability of the Lebanese government to control Christian or Muslim groups within Lebanon. Mozian did not indicate that she or her family ever turned to the Lebanese government for protection from these groups, or that such help was or would have been refused. Cf. Surita v. INS, 95 F.3d 814, 819-820 (9th Cir.1996) (finding Fiji government unwilling to control groups that persecuted ethnic Indians, where Indian citizen reported incidents to Fiji police who said they could not help and would not explain why). Moreover, the articles Mozian submitted actually suggest that the Lebanese government is now in control of much of the country, with the exception of some scattered Syrian and Israeli forces.[1] This fact undermines her claim of a well-founded fear of future persecution.
 
 
 10
 For the foregoing reasons, the decision of the BIA is hereby AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although neither party introduced the State Department's Country Reports on Human Rights Practices into evidence, the IJ referred to the publication in his opinion for similar propositions. Based on Country Reports, the IJ likewise indicated that the central Lebanese government had taken control of much of the country, although Syrian and Israeli forces still control some parts of Lebanon