125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammad Issa ALSHIABAT, a/k/a Mohammad Llshiabat, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent
 No. 96-70590.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1997**
Filed Sept. 30, 1997.
 
 1
 Before: ALDISERT,*** CHOY, and THOMPSON, C.J.
 
 
 2
 MEMORANDUM*
 
 
 3
 Mohammad Issa Alshiabat petitions for review of the Board of Immigration Appeal's denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a and we deny review.
 
 
 4
 I. DUE PROCESS VIOLATION FOR FAILING TO PROVIDE AN INTERPRETER
 
 A. Standard of Review
 
 5
 Claims of due process violations in deportation proceedings are reviewed de novo. Carr v. INS, 86 F.3d 949, 951 (9th Cir.1996); Burgos-Abril v. INS, 58 F.3d 475, 476 (9th Cir.1995). In order for Alshiabat to succeed in his due process claim, he must prove that he was prejudiced by the absence of an interpreter such that the presence of one would have made a "difference in the outcome of the hearing." Acewicz v. INS, 984 F.2d 1056, 1063 (9th Cir.1993).
 
 B. Analysis
 
 6
 Alshiabat asserts that the Immigration Judge would have found him to be a credible witness had he been afforded the aid of an interpreter. Although the record demonstrates that clarification or repetition was at times required, the record as a whole shows that Alshiabat was given the opportunity to explain fully his version of the events. See Kotasz v. INS, 31 F.3d 847, 850 n. 2 (9th Cir.1994). As suggested by the IJ, any discrepancies in Alshiabat's testimony could have been clarified by his counsel on further examination.
 
 
 7
 We find that Alshiabat has failed to demonstrate any prejudice because he has not specified what new information would have been presented had the IJ granted his request for an interpreter. See Acewicz, 984 F.2d at 1063; see also Hartooni v. INS, 21 F.3d 336, 339 (9th Cir.1994) (stating that interpretation did not influence outcome of hearing because applicant had not indicated what, if anything, she would have said differently if given the chance).
 
 
 8
 II. DENIAL OF ASYLUM AND WITHHOLDING OF DEPORTATION
 
 A. Standard of Review
 
 9
 The Attorney General has discretion to grant an alien asylum if the alien is determined to be a "refugee." 8 U.S.C. § 1158(a). A refugee is any person who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The well-founded fear standard has both a subjective and an objective component. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). "The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution." Id. The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution. Id.
 
 
 10
 We review the factual determinations underlying the BIA's denial of asylum for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA's factual determinations must be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id. In other words, the BIA's determination should be reversed only if the evidence presented by the alien was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. Id.
 
 B. Analysis
 
 11
 Substantial evidence supports the BIA's finding that Alshiabat did not establish past persecution or a well-founded fear of persecution. The BIA's first reason for denying Alshiabat asylum was that:
 
 
 12
 [i]t has not been demonstrated that the Israeli authorities took their actions to punish him for one of the five grounds specified in the [Immigration and Naturalization] Act, rather than in response to various infractions in which he was involved, including injuring two men in an auto accident, violating curfew, travelling without proper identification, and being accused of theft by an Austrian tourist.
 
 
 13
 Considering that Alshiabat has the burden to establish his eligibility for asylum, and that he failed to introduce sufficient evidence to prove that his arrests or treatment by the Israeli authorities were politically motivated, we conclude the BIA's finding that he was being punished for violating legitimate laws is reasonable and is supported by substantial evidence. See Chanco v. INS, 82 F.3d 298, 301 (9th Cir.1996) (finding that legitimate government prosecution of criminal activity is not ordinarily considered persecution);[1] see also 8 C.F.R. § 208.13(a).
 
 
 14
 The BIA next found that respondent failed to substantiate his claims by testimonial or documentary evidence, other than his own testimony and general newspaper reports. Recognizing that it may be difficult for an alien to obtain corroborating evidence, the BIA reiterated that such evidence is not integral to an asylum grant. Admittedly, Alshiabat, a young male Palestinian living in Israel, is a member of a persecuted group. However, that evidence, as well as the general newspaper accounts, although relevant to the issue are not determinative of whether he has a "well-founded fear of persecution." As noted earlier, an asylum applicant must present credible, direct, and specific evidence to support a reasonable fear of persecution. The BIA found that Alshiabat failed to meet this evidentiary burden. We conclude that this finding was also supported by substantial evidence.
 
 
 15
 Finally, the BIA based its determination on a finding that Alshiabat's testimony on the whole, and in particular the testimony regarding the green and orange identification cards, "suffer[ed] from serious inconsistencies." In addition, it affirmed the Immigration Judge's finding that Alshiabat's testimony was not credible noting that ordinarily an immigration judge's credibility determination will not be disturbed because the IJ had the unique opportunity to observe the alien as he testified. This finding, too, is supported by substantial evidence.
 
 
 16
 We cannot say that on the basis of the record as a whole, a reasonable trier must have found that Alshiabat had a well-founded fear of persecution. See Elias-Zacarias, 502 U.S. at 481. Therefore, because the BIA's holding is supported by substantial evidence, we DENY REVIEW.[2]
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although being punished for violating legitimate laws is not generally considered persecution, suffering disproportionately severe punishment can amount to persecution. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc). Alshiabat's jaw was broken and several teeth knocked out by an Israeli soldier who stopped Alshiabat while he was travelling without proper identification. Although such chastening is disproportionate to travelling without proper identification, we find that this isolated, albeit regrettable, incident does not rise to the level of persecution
 
 
 [2]
 Because Alshiabat failed to establish eligibility for asylum, he cannot satisfy the higher standard required for withholding of deportation. "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995)