Abraham Laranang LANGIT; Melecia De La Cruz Langit, Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–71904.**
**INS Nos. A35–532–876, A37–486–648.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided Feb. 28, 2003.

Before BROWNING, PREGERSON and REINHARDT, Circuit Judges.

MEMORANDUM**

Abraham and Melecia Langit ("Langits") have a Fifth Amendment right to due process in a deportation hearing, including the right to a full and fair hearing. *Burgos–Abril v. I.N.S.*, 58 F.3d 475, 476 (9th Cir.1995). In general, an alien has been denied a full and fair hearing only if

the thing complained of causes the alien to suffer some prejudice. *Id.* The immigration judge ("IJ") did not violate the Langits' due process rights when he accepted an oral offer of proof submitted by their attorney instead of taking live testimony from the Langits' children.

The record contains no evidence indicating that the IJ refused to allow the Langits' children to testify. Although the IJ conducted an off-the-record discussion to determine whether an offer of proof would be acceptable, he later summarized the content of that discussion on the record. He then gave the Langits' attorney the opportunity to specify the details of their off-the-record conversation and make known any disagreements or objections to the use of the offer of proof instead of live testimony. The record contains no indication that the Langits' attorney objected to the procedure nor that the IJ would have refused a request for live testimony.

Even assuming the IJ refused to allow live testimony, the Langits fail to show prejudice. The facts were undisputed, the Langits did not object to the use of an offer of proof, and the INS stipulated to the hardship that would result to the children if the Langits were deported.

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.