**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANVAR MAKHMUDOVICH ENIKEEV, | No. 07-71731 |
| Petitioner, | Agency No. A096-070-571 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2011[**]
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Petitioner Anvar Makhmudovich Enikeev, a citizen of Uzbekistan, petitions

for review of a Board of Immigration Appeals (BIA) decision denying his petition

for asylum, withholding of removal, and protection under the Convention Against

Torture (CAT). Because the parties are familiar with the factual and procedural

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

history of this case, we do not recount additional facts except as necessary to explain the decision. We deny the petition.

Substantial evidence supports the adverse credibility determination. Where, as here, "an adverse credibility determination . . . is based on serious inconsistencies in the applicant's testimony that go to the heart of his application," we will uphold that determination. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).

Substantial evidence also supports the BIA's determination that Enikeev was not persecuted on account of a protected ground. "[A]n asylum seeker claiming to be a victim of persecution on account of his or her political opinion must establish, by evidence," *inter alia*, that any "persecution of the victim has been or will be on account of this opinion." *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997). Enikeev repeatedly testified, however, that the alleged harassment was unrelated to his political activities or affiliations.

Similarly, Enikeev has not established eligibility for relief under the CAT. Enikeev's allegations of mistreatment, including governmental surveillance and harassment, do not rise to the level of torture. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002).

The Immigration Judge's (IJ) questioning did not violate Enikeev's due process rights. "[T]he Due Process Clause does not preclude an IJ from asking questions of witnesses." *Antonio-Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir. 1998). Even if the questions were improper, they were not prejudicial because Enikeev had previously asserted that the harassment was unrelated to his political activities. *See Burgos-Abril v. INS*, 58 F.3d 475, 476 (9th Cir. 1995) (per curiam).

Finally, the BIA did not abuse its discretion in denying Enikeev's motion to remand, because Enikeev's new evidence did not establish that he was eligible for relief. *See Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (stating that motions to reopen must be supported by *prima facie* evidence of eligibility for relief); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same.").

**Petition denied.**