# In re M-S-, Applicant

*Decided November 8, 1995*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In asylum proceedings involving a stowaway applicant, where an adverse credibility finding is adequately supported by information provided in documents executed by the applicant, without reliance upon statements allegedly made by the applicant in his interview with an asylum officer, it is not necessary to remand the case for a record of the interview which satisfies the requirements of *Matter of S-S-*, 21 I&N Dec. 121 (BIA 1995). *Matter of S-S-*, supra, distinguished.

(2) Where new asylum proceedings are conducted as a result of some defect in the original proceedings, statements made by the applicant in the original proceedings which are relevant to his persecution claim may be considered in the new proceedings.

(3) In asylum proceedings within the jurisdiction of the Immigration and Naturalization Service's Office of Refugees, Asylum, and Parole, which include proceedings involving stowaway applicants, new regulations at 8 C.F.R. § 208.9(g) (1995) require an applicant who is unable to proceed with his asylum interview in English to provide, at no expense to the government, a competent interpreter who is fluent in both English and the applicant's native language.

(4) In the interest of developing a full and complete record for review by the Board of Immigration Appeals, an asylum officer should draw a stowaway applicant's attention to any inconsistencies in his account which may be apparent at the time of his asylum interview and accord the applicant an opportunity to address those inconsistencies at the interview.

FOR APPLICANT: Robert A. Perkins, Esquire, Chicago, Illinois

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Lisa M. Golub, General Attorney

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members

HURWITZ, Board Member:

In a decision dated March 7, 1995, the director, Newark Asylum Office, denied in remanded proceedings the stowaway applicant's requests for asylum and withholding of deportation pursuant to sections 208 and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1253(h) (1994). The applicant appealed from that decision and requested oral argument

before the Board. The appeal will be dismissed. The applicant's request for oral argument is denied.

## I. PROCEDURAL HISTORY

This case was previously before us on appeal from a decision of the director dated June 9, 1994, which denied the applicant's asylum request. On September 2, 1994, we remanded the case for further proceedings because it was not apparent from the record whether the applicant had been notified of his right to representation.[1] The director's decision of March 7, 1995, and this appeal followed.

## II. PRINCIPAL ISSUE:  THE APPLICANT'S CREDIBILITY

### A.  The Director's Decision

In his March 7, 1995, decision to deny the applicant's request for asylum, which incorporated by reference the second notice of intent to deny, the director made a specific adverse credibility determination. The director cited internal inconsistencies in the applicant's testimony at the second interview and discrepancies in information the applicant provided at the second interview and in his written asylum application, his biographic information form, an undated declaration ("declaration") which he submitted in connection with the second interview,[2] and his rebuttal to the notice of intent to deny. The director specifically mentioned contradictions in information the applicant allegedly provided at the interview with respect to the dates of his claimed service in the military. The director observed that during the interview the asylum officer returned three times to the issue of when, exactly, the applicant had served in the Romanian army and received three different responses; the director noted that the applicant's explanation in his rebuttal statement provided yet a fourth account.

### B.  The Applicant's Challenge to the Director's Adverse Credibility Finding

In challenging the director's adverse credibility finding on appeal, the applicant points to the absence of a verbatim transcript, or "accurate and

---

[1] For purposes of clarity, we shall hereafter refer to the applicant's initial interview with the asylum officer and the notice of intent to deny which was issued prior to the director's June 9, 1994, decision to deny as the "first interview" and the "first notice of intent to deny." The interview and notice which followed our remand and resulted in the director's decision of March 7, 1995, will be referred to as the "second interview" and "second notice of intent to deny."

[2] In his rebuttal statement and his brief on appeal, the applicant, through counsel, stated that the director had made no reference to the applicant's declaration in the second notice of intent to deny. Counsel's assertion is incorrect. The director discussed the applicant's declaration in paragraphs one and four of the second page of the notice.

independent record," of the inconsistent statements he allegedly made at his second interview. He attempts to explain the reported discrepancies in the dates of his military service by suggesting a possible interpretation of what was actually said at the interview.

### C.  The Applicability of *Matter of S-S-* in the Applicant's Case

While no verbatim summary or transcript of an asylum interview is required by the regulations, this Board recently held that where an applicant's credibility is placed at issue because of statements allegedly made at an asylum interview, we must have a reliable record of what, in fact, transpired at the interview in order to fully and fairly review the initial adjudicator's finding with respect to credibility. *Matter of S-S-*, 21 I&N Dec. 121 (BIA 1995). We noted that an adequate record might be preserved through a handwritten account of the questions asked the applicant and the applicant's responses to those questions, an account which could be certified as an accurate summary of the interview by the applicant's signature, or through a transcription of an electronic recording of the asylum interview. We observed that at a minimum, the record must contain a meaningful, clear, and reliable summary of the statements made by the applicant at the interview. *Id*.

No such contemporaneous transcript or summary was apparently made in the instant case. We find, however, that we can decide the issue of credibility in this case without reference to the applicant's second interview with the asylum officer, by looking solely to documents executed by or on behalf of the applicant.

The applicant's attempt to explain the inconsistent statements he reportedly made at the second interview with respect to the dates of his claimed military service leaves unexplained the fact that he had made no mention of ever having served in the military on his asylum application or his biographic information form. That omission is rather significant in light of his statement in his addendum to his Notice of Appeal to the Board of Immigration Appeals (Form I-290A) that his "fear of persecution is specifically based on his experiences during his service and incarceration in the Romanian army" and his detailed description in his undated declaration of the abuse he claims to have suffered while in the army. The applicant's failure to make any reference whatever on his asylum application or his biographic information form to experiences which he described in subsequent written statements as central to his persecution claim is sufficient to support an adverse credibility finding, irrespective of what was said at the interview. Under the circumstances, we do not find it necessary to remand the record for compliance with the requirements of *Matter of S-S-, supra.*

The director's credibility finding is supported by the record. His decision will be affirmed on that basis. As we agree with the director on the issue of

credibility, we find our decision in *Matter of Chen*, 20 I&N Dec. 16 (BIA 1989), which was cited by the applicant in his brief on appeal, inapplicable.

## III. COLLATERAL ISSUES RAISED ON APPEAL

### A. Consideration of the Applicant's Initial Interview with the Asylum Officer and His Original Asylum Application

The applicant argues on appeal that the director erred in considering as a basis for his adverse credibility finding the applicant's first interview with the asylum officer and his original asylum application, both of which pre-dated our remand. The applicant maintains that under a United States district court order entered pursuant to litigation involving the Immigration and Naturalization Service and a group of Romanian stowaways who arrived in this country on the same date as the applicant, his second interview should have been the sole basis for a decision on his asylum request. That order, issued by Judge McClure on September 14, 1994, remanded the cases back to the Service "for the purpose of accepting new applications and proper proceedings thereon."[3] The applicant's argument must be rejected.

We find nothing in Judge McClure's order which would require the director or this Board to ignore prior inconsistent statements made by the applicant which are relevant to his persecution claim.[4] Moreover, contrary to the applicant's assertion, the director did not consider statements made by the applicant in his first interview in reaching his decision.

### B. Service's Failure to Provide Interpreter at Interview

The applicant also argues that the Service erred in failing to provide an interpreter at his second interview. We find no merit in this argument.

The applicant acknowledges that an interpreter, albeit one provided by the applicant, was in fact present at the interview. We note that shortly after the applicant's interview, new regulations went into effect which require an applicant who is unable to proceed with the interview in English to provide,

---

[3] We note that our remand order in the instant case was not issued pursuant to Judge McClure's decision, having been entered on September 2, 1994, 12 days prior to the court's order.

[4] We note in this regard that new regulations governing asylum applications direct asylum officers, in cases not involving stowaways or certain other categories of applicants, to grant meritorious asylum applications and to refer applications they do not grant to Immigration Judges to adjudicate in exclusion or deportation proceedings. 8 C.F.R. § 208.14(b) (1995). Noting that in the latter situation, the original asylum application would be forwarded with the case to the Immigration Judge to form part of the record of proceedings, the commentary accompanying the final regulations observed that an applicant should be held accountable for the information provided on the initial application, adding that the applicant can provide additional information and explain any inconsistencies or errors in the application. 59 Fed. Reg. 62,284, 62,294 (1994).

at no expense to the government, a competent interpreter who is fluent in both English and the applicant's native language. 8 C.F.R. § 208.9(g) (1995).

## C. Limitation on Time Allowed for Rebuttal at Interview

The applicant further argues that the asylum officer erred in "severely" limiting the time allotted for comment and argument at the conclusion of the interview. The applicant concedes that the regulations expressly authorize the asylum officer to limit the length of an applicant's comments at the conclusion of the interview or to require the submission of those comments in writing. 8 C.F.R. § 208.9(d) (1995). The applicant complains, however, that alleged contradictions in his account might have been explored and explained had the time permitted for comment at the conclusion of the interview not been curtailed.

It would certainly aid in the development of a full and complete record for this Board's review were the asylum officer to draw an applicant's attention to any inconsistencies in his account which may be apparent at the time of the interview and to accord the applicant an opportunity to address those inconsistencies at the interview. We note, however, that the applicant in the present case was given an opportunity to explain the discrepancies cited in the notice of intent to deny in the time allowed for rebuttal. Under the circumstances, we are unable to conclude that the applicant was prejudiced by any time constraints that may have been imposed at his interview.

## D. Conditions of Detention

Finally, the applicant argues that conditions at the detention facility at which he is being held impaired the presentation of his case. However, the applicant has not specified how those conditions may have affected the outcome of his case and therefore has not shown prejudice. *See Burgos-Abril v. INS*, 58 F.3d 475 (9th Cir. 1995); *Gandarillas-Zambrana v. BIA*, 44 F.3d 1251 (4th Cir. 1995); *Matter of Santos*, 19 I&N Dec. 105 (BIA 1984).

## IV. CONCLUSION

We find that the director's adverse credibility finding is adequately supported by the documentary evidence of record and that *Matter of S-S-, supra*, consequently does not govern this case. A persuasion claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief. *See generally Matter of Mogharrabi*, 19 I&N Dec. 439, 445 (BIA 1987); 8 C.F.R. §§ 208.13(a), 208.16(b) (1995). The appeal will be dismissed.

**ORDER:**    The appeal is dismissed.

Board Member Lauri S. Filppu did not participate in the decision in this case.

at no expense to the government, a competent interpreter who is fluent in both English and the applicant's native language. 8 C.F.R. § 208.9(g) (1995).

## C. Limitation on Time Allowed for Rebuttal at Interview

The applicant further argues that the asylum officer erred in "severely" limiting the time allotted for comment and argument at the conclusion of the interview. The applicant concedes that the regulations expressly authorize the asylum officer to limit the length of an applicant's comments at the conclusion of the interview or to require the submission of those comments in writing. 8 C.F.R. § 208.9(d) (1995). The applicant complains, however, that alleged contradictions in his account might have been explored and explained had the time permitted for comment at the conclusion of the interview not been curtailed.

It would certainly aid in the development of a full and complete record for this Board's review were the asylum officer to draw an applicant's attention to any inconsistencies in his account which may be apparent at the time of the interview and to accord the applicant an opportunity to address those inconsistencies at the interview. We note, however, that the applicant in the present case was given an opportunity to explain the discrepancies cited in the notice of intent to deny in the time allowed for rebuttal. Under the circumstances, we are unable to conclude that the applicant was prejudiced by any time constraints that may have been imposed at his interview.

## D. Conditions of Detention

Finally, the applicant argues that conditions at the detention facility at which he is being held impaired the presentation of his case. However, the applicant has not specified how those conditions may have affected the outcome of his case and therefore has not shown prejudice. *See Burgos-Abril v. INS*, 58 F.3d 475 (9th Cir. 1995); *Gandarillas-Zambrana v. BIA*, 44 F.3d 1251 (4th Cir. 1995); *Matter of Santos*, 19 I&N Dec. 105 (BIA 1984).

## IV. CONCLUSION

We find that the director's adverse credibility finding is adequately supported by the documentary evidence of record and that *Matter of S-S-, supra*, consequently does not govern this case. A persuasion claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief. *See generally Matter of Mogharrabi*, 19 I&N Dec. 439, 445 (BIA 1987); 8 C.F.R. §§ 208.13(a), 208.16(b) (1995). The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

Board Member Lauri S. Filppu did not participate in the decision in this case.