**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2494
_____

ESOSA NON IGIEHON,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-272-353)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2011
Before:  SLOVITER, GREENAWAY, JR., and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 20, 2011)
_____

OPINION
_____

PER CURIAM

Esosa Non Igiehon seeks review of a final order of removal.  For the reasons that

follow, we will deny the petition for review.

I.

Petitioner Esosa Non Igiehon entered the United States at an unknown time and

place[1] without being admitted.  He conceded eligibility for removal and, in 2002, applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  In his asylum application, Igiehon stated that he was a native and citizen of Ghana.  However, he states that he recanted at his asylum interview and at his immigration hearing, stating that he was a Nigerian citizen and had never been to Ghana.  Igiehon explained that his uncle helped him fill out the form over the telephone, and that he was misunderstood when he stated that his father had been born in Ghana.  In April 2009, the Immigration Judge ("IJ") denied his third motion for a continuance.  Igiehon renewed the motion, stating that he needed more time because his expert was unavailable and because the inconsistencies regarding his nationality required clarification.  The IJ denied the request, noting that the case had already been pending for five years.

At his hearing, Igiehon claimed that he had suffered persecution and feared future persecution based on his resistance to joining the Reformed Ogboni Fraternity ("ROF"), a "cult"-like organization in Nigeria.  His father had been a member, and when his father died, the ROF demanded that he join and threatened to kill him if he refused.  Igiehon testified that he reported the threats to the police, who were of no help, and went into hiding.  The ROF pursued him until he was able to leave Nigeria.

The IJ denied relief, finding that Igiehon was not credible due to the discrepancies surrounding his nationality and date of entry into the United States.  The IJ also held that,

---

[1] In his brief, Igiehon states that he entered the United States on August 20, 2001.  However, the IJ pointed out that Igiehon has presented three different dates of

even if Igiehon was credible, he had failed to demonstrate past persecution or a well-founded fear of future persecution, and that he failed to meet the burden of proof for withholding of removal or CAT relief.

The Board of Immigration Appeals ("BIA") determined that the IJ's adverse credibility decision was supported by substantial evidence, and determined that, as a result, Igiehon could not satisfy the burdens of proof necessary to establish eligibility for relief. The BIA also affirmed the denial of his third request for a continuance. Igiehon filed a timely petition for review.

II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). Where, as here, the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's opinion, this Court will review both opinions. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review factual findings, including adverse credibility determinations, for substantial evidence, see Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003), upholding them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 262 (3d Cir. 2003) (en banc). Because Igiehon filed his asylum application prior to the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based must go to the heart of his claims. See Lin v. Att'y

---

arrival in his asylum application, his testifmony, and a sworn written statement.

Gen., 543 F.3d 114, 119 (3d Cir. 2008).

## III.

Igiehon first challenges the IJ's denial of his request for a continuance. Our review of such a claim is for abuse of discretion. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003). "The question of whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." Id. (quoting Baires v. INS, 856 F.2d 89, 91 (9th Cir. 1988)). An IJ "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29. Relevant considerations may include the nature of the evidence presented and its importance to the alien's claim and the number of continuances already granted. Baires, 856 F.2d at 91. It is an abuse of discretion for an IJ to deny a continuance solely on the basis of case-completion goals without taking into consideration the circumstances of a petitioner's case. Hashmi v. Att'y Gen., 531 F.3d 256, 260-61 (3d Cir. 2008).

Igiehon's counsel moved for a third continuance shortly before Igiehon's merits hearing to correct inaccuracies in the asylum application. The IJ noted that the application had been submitted and marked into evidence at a prior hearing, and that the case had been pending for five years, with previous continuances granted. Igiehon must have been aware of the inaccuracies as early as 2003 during his meeting with the asylum officer, but still chose to sign the application. The IJ determined, and the BIA agreed, that Igiehon had had ample time to amend or submit a new application or to provide a

4

sworn statement with updated information. We, too, agree that Igiehon failed to show good cause for another continuance, and we find that the IJ did not deny the continuance based solely on the basis of the age of the case. Moreover, we note that Igiehon never attempted to introduce into evidence or submit with any of his filings his Nigerian passport and birth certificate, which he claims he possesses. Accordingly, we agree with the BIA that the IJ did not abuse his discretion in denying Igiehon's request for a continuance.

Igiehon next claims that the adverse credibility finding is not supported by substantial evidence. He argues that the IJ and BIA discounted his consistent testimony at his immigration hearing and before the asylum officer. Furthermore, he argues, the IJ ordered him to be removed to Nigeria, which proves that the IJ did not truly doubt his nationality. Lastly, he claims that his testimony that he entered the United States in August 2001, as opposed to August 2002 as he stated in his application, should be found credible because it was a statement against his own interest. The BIA upheld the IJ's adverse credibility finding based on "serious questions" about Igiehon's identity. The IJ's and BIA's basis for the finding is supported by substantial evidence, and his nationality goes to the heart of his claim for asylum. See Lin, 543 F.3d at 127.

The BIA determined that because the IJ's adverse credibility determination was sufficiently supported, it need not address the other inconsistencies that the IJ noted. We agree with the BIA's conclusion that because Igiehon's claims lacked veracity, he could not meet the burdens of proof necessary for asylum, withholding of removal, and CAT

5

relief.  See Matter of M-S-, 21 I. & N. Dec. 125, 129 (BIA 1995) (cited in Xie v.

Ashcroft, 359 F.3d 239, 241-42 (3d Cir. 2004)).  Thus, the BIA did not err in not

remarking upon the IJ's other bases for denying relief, including the lack of evidence

corroborating his claims concerning the ROF.  Accordingly, the BIA's decision to affirm

the IJ's denial of relief is supported by substantial evidence.

IV.

For the foregoing reasons, we will deny the petition for review.