**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 4, 2019
Decided October 23, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1165

| | |
|---|---|
| MUHAMMAD TAUFIQ BUTT, <br> *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals. |
| *v.* | No. A095-925-106 |
| WILLIAM P. BARR, <br> Attorney General of the United States, <br> *Respondent*. | |

**O R D E R**

Petitioner Muhammad Taufiq Butt was ordered removed to his native Pakistan by an immigration judge. The Board of Immigration Appeals affirmed the removal order. Butt timely petitioned this court for review of that decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

I. *Background*

Butt was born in 1955 in Karachi, Pakistan. In 1980, he moved to Dubai, United Arab Emirates, and from there, in 1990, to Manama, Bahrain. Butt worked in banking and finance. In 1988, while living in Dubai, Butt joined a Pakistani political party called the Mohajir Qaumi Movement (MQM), an organization (later split into two

organizations) that we have addressed before in some detail. See *Khan v. Holder*, 766 F.3d 689 (7th Cir. 2014); *Hussain v. Mukasey*, 518 F.3d 534 (7th Cir. 2008). Butt participated in MQM's activities from abroad as well as during his regular trips back home.

In 1998, Butt traveled with his family to the United States on a B-2 tourist visa with authorization to remain until early 1999. Butt overstayed his visa, however, and the government instituted removal proceedings against him in 2003. In 2004 Butt applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture, supported by an affidavit drafted that year. Butt withdrew that application in 2009 and filed a new one in 2012, supported by a new affidavit drafted in 2011. On September 28, 2017, an immigration judge issued a decision denying Butt's claims to relief on multiple grounds. On December 26, 2018 the Board of Immigration Appeals affirmed and adopted the judge's decision with additional reasoning.

II. *Analysis*

We review together the decisions of the immigration judge and the Board. *Zhakypbaev v. Sessions*, 880 F.3d 881, 883 (7th Cir. 2018), citing *Bathula v. Holder*, 723 F.3d 889, 897 (7th Cir. 2013). We review legal conclusions *de novo* and factual findings, including credibility determinations, for substantial evidence. *Cojocari v. Sessions*, 863 F.3d 616, 621 (7th Cir. 2017), citing *Krishnapillai v. Holder*, 563 F.3d 606, 615 (7th Cir. 2009). "Under the substantial evidence standard, we uphold the agency determination if it is supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Zhakypbaev*, 880 F.3d at 884, quoting *Bathula*, 723 F.3d at 898. We reverse only if "a reasonable factfinder would have to reach a contrary conclusion." *Id.* (internal quotation marks omitted), citing *Bathula*, 723 F.3d at 898.

A. *Convention Against Torture Protection*

We decline to review Butt's claim for protection under the Convention Against Torture. Butt was required to exhaust his administrative remedies as to each claim to relief. 8 U.S.C. § 1252(d)(1); *FH-T v. Holder*, 723 F.3d 833, 841 (7th Cir. 2013), citing *Isaaq v. Holder*, 617 F.3d 962, 968 (7th Cir. 2010). He failed to exhaust as to his claim for protection under the Convention Against Torture by omitting to argue the claim before the Board, which deemed it waived and did not address it. Exhaustion here is not jurisdictional, *FH-T*, 723 F.3d at 841, citing *Isaaq*, 617 F.3d at 968, so we deny (not dismiss) Butt's petition on this point.

B. *Asylum and Withholding of Removal*

Butt's remaining claims for asylum and withholding of removal fail based on the immigration judge's finding, affirmed by the Board on review for clear error with additional reasoning, that Butt was not credible. A respondent in removal proceedings bears the burden of showing he is entitled to asylum or withholding of removal because of the danger of persecution or other threats to his life or freedom in his native country on the basis of a protected ground. 8 U.S.C. § 1158(b)(1)(A)–(B) (asylum), and § 1231(b)(3)(A) & (C) (withholding). An immigration judge may deny both claims if she determines the respondent is not credible. § 1158(b)(1)(B)(ii)–(iii) (asylum); § 1231(b)(3)(C) (withholding) (incorporating standards of § 1158(b)(1)(B)(ii)–(iii)); *In re M-S-*, 21 I. & N. Dec. 125, 129 (BIA 1995) ("A persecution claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief.").

In making a credibility determination,

> "[c]onsidering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."

*Krishnapillai*, 563 F.3d at 616, quoting 8 U.S.C. § 1158(b)(1)(B)(iii).

"[T]he immigration judge may require the applicant to submit corroborative evidence even if the judge finds the applicant credible." *Cojocari*, 863 F.3d at 620, citing among others *Silais v. Sessions*, 855 F.3d 736, 745 (7th Cir. 2017). "The applicant must provide supporting evidence upon request 'unless the applicant does not have the evidence and cannot reasonably obtain the evidence.'" *Id.* at 621, quoting 8 U.S.C. § 1158(b)(1)(B)(ii).

In this case, the immigration judge's adverse credibility determination was supported by substantial evidence. The judge considered the entire record of Butt's evidence and testimony, consisting of Butt's 2004 and 2012 applications for relief, his 2004 and 2011 affidavits in support of them, and his testimony at the merits hearing. She found that each piece of evidence "w[o]ve a different tale," featuring "glaring omissions" on some points and "simpl[e] inconsisten[cies]" on others, "defects which Respondent was unable to adequately cure."

For example, in his 2004 affidavit, Butt emphasized his role with MQM as the leading cause of his conflict with the Pakistani government. Believing that MQM had become an arm of the government, he expressed his desire to leave the party and was told that "any attempts to leave would result in harm to [him]self and harm to [his] family."

In his 2011 affidavit and hearing testimony, by contrast, confronted with the possibility that his MQM membership would not only fail to support his application but would affirmatively bar it on grounds of terrorist activity, see *Khan*, 766 F.3d at 691–92, Butt claimed he feared being pressed into service by the Pakistani government for his banking expertise. Notably, those fears were ostensibly based on incidents prior to 1998 and were thus available for inclusion in the 2004 affidavit in support of the 2004 application. Further, at the merits hearing Butt testified he had never informed MQM of his intention to leave the party. The immigration judge did not reversibly err in concluding these discrepancies were the result of deliberate evasion rather than innocuous negligence.

For further example, the immigration judge did not reversibly err in concluding that Butt never gave a consistent account of why he came with his family to the United States in the first place. In his 2004 affidavit Butt described his arrival in this country as an "escape from Pakistan" (where he had not lived since 1980). But in his 2012 application, Butt stated his 1998 visit to the United States was intended to be temporary and that he planned to return with his family to Bahrain, where he had a "good job." The 2011 affidavit tells yet another story: that danger to Pakistani bankers was his reason for coming to the United States. We cannot say that any reasonable trier of fact would have been required to prefer one version of this story over all the others, or would have been required to believe any of them.

Finally, the immigration judge did not err by faulting Butt for failing to offer adequately corroborating evidence. For example, in his 2004 affidavit Butt promised to corroborate his claim that in 1998 his brother told him his "house had been broken into by the government and that all [his] personal belonging had been stolen" and "[his]

house had been burnt down." No corroboration was ever offered. Butt's explanation for this failure, that "people are not cooperating over there [in Pakistan] because of fear," did not explain the absence of cooperation from his brother, who no longer lives in Pakistan.

The immigration judge also did not reversibly err in concluding that the corroborating evidence Butt did offer was of little help. Butt's wife's testimony at the merits hearing was marred by confusion, vagueness, and her admission that her "medical condition" caused her sometimes to "forget[] what she is talking about while she is speaking." And the non-specific reports of "the banking life" in Pakistan being "not good" contained in a letter from one of Butt's friends in Pakistan dated June 26, 2011 did not compel the conclusion that Butt's similarly non-specific reports were to be credited.

Before this court, Butt offers various reasons why the record does not compel an adverse credibility determination. True enough. But that is not the relevant question. The question is not whether the immigration judge was compelled to reach the result that she did; the question is whether the record compels the opposite result. *Zhakypbaev*, 880 F.3d at 884, citing *Bathula*, 723 F.3d at 898. It does not, as we have explained.

Because Butt failed to exhaust his administrative remedies on the Convention Against Torture claim and because the assembled factual record did not compel the immigration judge to credit Butt's claim that he would be persecuted if he were removed to Pakistan, Butt's petition for review is DENIED.