**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PRUDENCIO PEREZ-GONZALEZ, | No.   17-71737 |
| Petitioner, | Agency No. A201-021-905 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020[**]
Phoenix, Arizona

Before:  O'SCANNLAIN, GRABER, and HURWITZ, Circuit Judges.

Prudencio Perez-Gonzalez petitions for review of the Board of Immigration

Appeals' (BIA's) denial of his applications for asylum, withholding of removal,

relief under the Convention Against Torture (CAT), and cancellation of removal.

The facts are known to the parties, so we do not repeat them here.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

I

"[A]bsent a colorable legal or constitutional claim, we lack jurisdiction to review the BIA's discretionary determination that an alien failed to prove" the requisite hardship for cancellation of removal. *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order); *see also* 8 U.S.C. § 1252(a)(2)(B)(i). Perez-Gonzalez argues that we have jurisdiction because the immigration judge (IJ) reviewing his application applied the wrong legal standard. However, he fails to show any legal error in the decision. For example, he claims that the IJ failed to conduct a future-oriented analysis, but the IJ did consider future aspects, including the fact that Perez-Gonzalez's youngest child was expected to remain enrolled in therapy until the age of three. Accordingly, we lack jurisdiction to review his claim.

II

Perez-Gonzalez contends that the IJ violated his due process rights because he exceeded his role as an impartial arbiter when he questioned Perez-Gonzalez, his lawyer, and the translator about the inconsistency between Perez-Gonzalez's testimony, his father's original death certificate, and the translation. However, the IJ has the statutory authority to "interrogate, examine, and cross-examine the alien and any witnesses." 8 U.S.C. § 1229a(b)(1). He did not violate Perez-Gonzalez's due process rights by asking tough questions. *Perez-Lastor v. INS*, 208 F.3d 773,

782 n.9 (9th Cir. 2000).

## III

Substantial evidence supports the BIA's determination that Perez-Gonzalez was not credible in his testimony about the inconsistency involving the circumstances of his father's death. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). Perez-Gonzalez argues that the adverse credibility determination is not supported by substantial evidence because the omission was an innocent oversight. However, the record did not compel the IJ or the BIA to accept Perez-Gonzalez's account when the alternative explanation—that he omitted significant adverse information—was supported by the record. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007).

## IV

Because substantial evidence supports the adverse credibility determination, Perez-Gonzalez has not met his burden of proof that he is eligible for either asylum, *see* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 208.13(a), or withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 208.16(b); *see also In re M–S–*, 21 I. & N. Dec. 125, 129 (B.I.A. 1995) ("A persecution claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief.").

Accordingly, we need not decide whether he demonstrated an extraordinary

circumstance that excuses the late filing of his asylum application. *See* 8 U.S.C. § 1158(a)(2)(D). Nor need we reach whether "Americanized Mexicans" or individuals who refused to join the Line cartel constitute "particular social group[s]" under 8 U.S.C. § 1231(b)(3)(A).

V

Although Perez-Gonzalez provided country reports which suggest that there are ongoing human rights abuses in Mexico, none of this evidence compels the conclusion that he is more likely than not to be tortured if he returns to Mexico. *Shrestha*, 590 F.3d at 1048. Perez-Gonzalez argues that the BIA's analysis of his eligibility for CAT relief was deficient because it failed meaningfully to address country conditions in Mexico. However, the BIA is not required to discuss each piece of evidence in specific terms; it may use general language to show that it considered all the evidence in the record. *Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014).

Perez-Gonzalez's petition for review as to his claim for cancellation of removal is **DISMISSED**, and his petition for review as to his claims for asylum, withholding of removal, and CAT relief is **DENIED**.