**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIN GAO, | No. 19-73175 |
| Petitioner, | Agency No. A212-993-850 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2020[**]
San Francisco, California

Before: TALLMAN, MURGUIA, and CHRISTEN, Circuit Judges.

Min Gao, a Chinese citizen, petitions for review of the Board of Immigration

Appeals's ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ")

decision denying Gao's applications for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252 and deny the petition.[1]

Because the BIA conducted its own review of the evidence and did not expressly adopt the IJ's decision, our review is limited to the BIA's decision. *Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010)). We review the BIA's factual findings, including credibility determinations, for substantial evidence. *Id.* at 974–75; 8 U.S.C. § 1252(b)(4)(B). Questions of law are reviewed de novo. *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009).

1.  Adverse credibility determinations must be made after considering the totality of the circumstances and all relevant factors including the consistency between the applicant's statements with other evidence. *Shrestha*, 590 F.3d at 1039–40; 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C). The BIA affirmed the IJ's adverse credibility determination based on inconsistencies between Gao's testimony and other evidence in the record, particularly documentary evidence and the testimony of one of Gao's witnesses. Gao testified that he was persecuted because of his participation in a non-sanctioned church. The documentary evidence introduced during the hearing, however, suggested that Gao was a member of a government sanctioned church. Gao was given an opportunity to explain this inconsistency, but he was unable to proffer a reasonable explanation.

---

[1] Gao's motion for stay of removal (Doc. 1) is denied as moot.

2

Therefore, substantial evidence supports the adverse credibility finding. *See id.* at 1039–40, 1044–45. Because "we must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence," *Rizk v. Holder*, 629 F.3d 1083, 1088–89 (9th Cir. 2011) (citation omitted), we need not address the other inconsistencies identified by the BIA.

Because substantial evidence supports the adverse credibility determination, Gao has not met his burden of proof that he is eligible for asylum, *see* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 208.13(a), or withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 208.16(b); *see also In re M-S-*, 21 I. & N. Dec. 125, 129 (B.I.A. 1995) ("A persecution claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief." (citations omitted)). Gao waived any challenge to the determination that he is ineligible for CAT relief by failing to raise the issue before this Court. *See Balser v. Dep't. of Justice*, 327 F.3d 903, 911 (9th Cir. 2003).

The BIA did not err in denying Gao's motion to remand. 8 C.F.R. § 1003.2(a). Gao's request was properly construed as a motion to reopen and Gao did not establish that the new evidence he sought to have reviewed was not available or could not have been discovered in time to be presented during his initial removal proceedings. *Id.* § 1003.2(c)(1).

**PETITION FOR REVIEW DENIED.**