# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2021

Lyle W. Cayce
Clerk

No. 20-60256
Summary Calendar

Jagjit Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 170 071

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Jagjit Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an immigration judge (IJ) denying his application for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT). The BIA affirmed the IJ's adverse credibility determination.

This court generally only has the authority to review the decisions of the BIA but will review the ruling of the IJ when—like in this case—it affects the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Legal findings "are reviewed de novo, and factual findings are reviewed under the substantial evidence test, reversing only when the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B). The substantial evidence test "requires only that the Board's conclusion be based upon the evidence presented and that it be substantially reasonable." *Id.*

A claim "which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief." *Matter of M- S-*, 21 I. & N. Dec. 125, 129 (BIA 1995). A credibility determination is a factual finding and is therefore reviewed for substantial evidence. *Chun v. I.N.S.*, 40 F.3d 76, 78 (5th Cir. 1994). The IJ may base his or her credibility determination on the totality of the circumstances, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim[.]" 8 U.S.C.A. § 1158(b)(1)(B)(iii). Some factors that IJ may consider include the applicant's demeanor, the "inherent plausibility" of the account, the consistency of the account between written and oral statements, the "internal consistency of each such statement[,]" and the "consistency of such statements with other evidence of record[.]" *Id.*; *see Wang v. Holder*, 569 F.3d 531, 537-38 (5th Cir. 2009).

An adverse credibility determination, however, must be rational. *Mwembie v. Gonzales*, 443 F.3d 405, 413 (5th Cir. 2006). It "must be

supported by specific and cogent reasons derived from the record." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). An IJ's credibility determination will be upheld "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citations omitted). This court "will not reverse a credibility determination unless the evidence compels it." *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018).

Singh argues that no reasonable trier of fact could have found that he was not credible, listing several reasons for this argument. The BIA decision addressed the necessary issues, concluding ultimately that Singh was not credible. In total, the record does not compel a determination that Singh was credible, and the totality of the circumstances does not suggest that no reasonable factfinder could have made the adverse credibility ruling. *See Singh*, 880 F.3d at 225. This court does not substitute its judgment for that of the IJ or BIA with respect to factual findings based on credibility determinations. *See Wang*, 569 F.3d at 537. Because the agency's adverse credibility determination is supported by substantial evidence, the petition for review is DENIED.