UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MIN GAO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-73175

Agency No. A212-993-850

ORDER

Before: TALLMAN, MURGUIA, and CHRISTEN, Circuit Judges.

Pursuant to the en banc Opinion filed in *Alam*, the Court directs the Clerk to file the amended memorandum disposition submitted concurrently with this order. The parties may file a petition for rehearing and/or rehearing en banc, pursuant to Fed. R. App. P. 35. The mandate shall issue in due course.

FILED

SEP 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIN GAO, | No. 19-73175 |
| Petitioner, | Agency No. A212-993-850 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | AMENDED MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2020[**]
San Francisco, California

Before: TALLMAN, MURGUIA, and CHRISTEN, Circuit Judges.

Min Gao, a Chinese citizen, petitions for review of the Board of Immigration

Appeals's ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ")

decision denying Gao's applications for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252 and deny the petition.[1]

Because the BIA conducted its own review of the evidence and did not expressly adopt the IJ's decision, our review is limited to the BIA's decision. *Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010)). We review the BIA's factual findings, including credibility determinations, for substantial evidence. *Id.* at 974–75; 8 U.S.C. § 1252(b)(4)(B). Questions of law are reviewed de novo. *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009).

"[I]n assessing an adverse credibility finding under the [REAL ID] Act, we must look to the 'totality of the circumstances[] and all relevant factors.'" *Alam v. Garland*, --- F. 4th ---, 2021 WL 4075331, at *5 (9th Cir. Sept. 8, 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The BIA affirmed the IJ's adverse credibility determination based on inconsistencies between Gao's testimony and other evidence in the record, particularly documentary evidence and the testimony of one of Gao's witnesses. Each of the cited inconsistencies concerned Gao's practice of his religion in China. When viewed together and under the totality of the circumstances, the inconsistencies were not utterly trivial and have some bearing on Gao's veracity. *See Shrestha*, 590 F.3d at 1043–45. Although we might reach a different conclusion under a more generous de novo standard of

---

[1] Gao's motion for stay of removal (Doc. 1) is denied as moot.

1

review, the record in this case does not compel a finding that Gao was credible. *See Singh*, 802 F.3d at 974 ("Credibility determinations are findings of fact, which are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'") (quoting 8 U.S.C. § 1252(b)(4)(B)). Accordingly, the BIA's adverse credibility determination is supported by substantial evidence.[2]

Because substantial evidence supports the adverse credibility determination, Gao has not met his burden of proof that he is eligible for asylum, *see* 8 U.S.C. § 1158(b)(1)(B); 8 C.F.R. § 208.13(a), or withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 208.16(b); *see also In re M-S-*, 21 I. & N. Dec. 125, 129 (B.I.A. 1995) ("A persecution claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding relief." (citations omitted)). Gao waived any challenge to the determination that he is ineligible for CAT relief by failing to raise the issue before this court. *See Balser v. Dep't of Just.*, 327 F.3d 903, 911 (9th Cir. 2003).

The BIA did not err in denying Gao's motion to remand. 8 C.F.R. § 1003.2(a). Gao's request was properly construed as a motion to reopen and Gao

---

[2] To the extent Gao argues that he was not given an opportunity to explain one of the three cited inconsistencies, he did not raise that argument before the BIA and it is not properly before this Court. *See Arsdi v. Holder*, 659 F.3d 925, 928–929 (9th Cir. 2011) ("We have repeatedly held that failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

did not establish that the new evidence he sought to have reviewed was unavailable or could not have been discovered in time to be presented during his initial removal proceedings. *Id.* § 1003.2(c)(1).

**PETITION FOR REVIEW DENIED.**