NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELIAN CHEN,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-72645<br><br>Agency No. A208-733-488<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2021**
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Helian Chen, a native and citizen of China, petitions this court for review of

the Board of Immigration Appeals' ("BIA's") denial of his claim for asylum. As

the facts are known to the parties, we repeat them only as necessary to explain our

decision.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

I

Substantial evidence supports the BIA's adverse credibility determination. *Cf., e.g., Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).

The BIA identified and analyzed a long list of "specific, cogent reason[s]" for such determination, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir. 2003) (citation omitted), including "[t]he overall implausibility of [Chen's] testimony, the falsehoods in his visa application, the inconsistency [between] his testimony [and his documentary evidence], and the lack of corroborating evidence," which, taken together, "undermine[d] the veracity of [Chen's] claim of persecution." All such factors were permissible and relevant for the BIA to consider in making its credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005).

Such factors, viewed within the "totality of the circumstances," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), constitute substantial evidence for the BIA's conclusion that Chen lacked credibility. Chen fails to "show that the evidence compelled a contrary conclusion." *Malhi*, 336 F.3d at 993.

II

The BIA properly concluded that the incredibility of Chen's testimony was dispositive in preventing him from meeting his burden to show eligibility for

asylum. A "persecution claim which lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum." *In re M-S-*, 21 I. & N. Dec. 125, 129 (BIA 1995).

While an asylum applicant *can* establish eligibility based on documentary evidence alone, notwithstanding his lack of credible testimony, *Al-Harbi v. INS*, 242 F.3d 882, 890–94 (9th Cir. 2001), the BIA properly concluded that Chen had waived any such argument, *see Matter of R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (BIA 2012). Thus, to the extent that Chen's Petition for Review might be read as arguing that he "has established past persecution" or "an objectively reasonable fear of persecution" *based on his documentary evidence alone*, such arguments would fall outside the scope of this court's review. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011); *see also Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**