NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON LAMAS MONROY,<br><br>               Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   20-72741<br><br>Agency No. A079-387-054<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2022**
Pasadena, California

Before:  SILER,*** CALLAHAN, and FORREST, Circuit Judges.

Petitioner Aaron Lamas Monroy ("Petitioner" or "Monroy"), a native and

citizen of Mexico, appeals a final order issued by the Board of Immigration

---

     \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     \*\*\*    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appeals ("BIA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition. The BIA found that in the absence of credible testimony, Monroy did not establish his eligibility for withholding of removal and protection under the Convention Against Torture ("CAT"). This decision is supported by substantial evidence.

Monroy claims he is entitled to withholding of removal because he allegedly suffered persecution at the hands of Mexican police, and CAT relief because he is likely to be tortured if he returns to Mexico. Factual findings are reviewed under the substantial evidence standard, "treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.      Preceding his general challenge, Monroy argues that he was wrongly denied a competency hearing during his removal proceedings. We review this issue for abuse of discretion. *See Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). Monroy contends he was entitled to a competency hearing because of his alleged mental disorder. Notably, he did not affirmatively request a hearing, nor did he present indicia of incompetency. In effect, Monroy argues that the mere existence of his alleged mental disorder provides evidence that he was wrongly deprived a competency hearing prior to an adverse credibility finding.

While this court has recognized an Immigration Judge's ("IJ") duty to provide a petitioner a competency hearing when that petitioner exhibits indicia of incompetency, that duty did not arise here because Monroy lacked such indicia. *See Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1181–82 (9th Cir. 2018); *see also Mejia,* 868 F.3d at 1121–22. The psychological report submitted by Monroy offers nothing to suggest that his testimony was impaired by his mental disorder; in fact, it stated "[h]is overall cognitive abilities appeared intact." A claim of mental illness, or a diagnosis of the same, does not automatically equate to a lack of competency. *Cf. Salgado v. Sessions*, 889 F.3d 982, 987–88 (9th Cir. 2018) (finding that the agency did not err by denying continuance based on the petitioner's "allegations of poor memory" as a result of a car accident where there were no indicia of incompetency). Notwithstanding his alleged mental disorder, a competency hearing was not warranted to establish safeguards before rendering a credibility finding.

2.     Next, Monroy challenges the BIA's affirmation of the IJ's adverse credibility ruling. In assessing an adverse credibility finding under the REAL ID Act, the court "must look to the 'totality of the circumstances[] and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The IJ and BIA both reasonably found that Monroy lacked credibility.

Monroy alleged numerous instances of being accosted by police in Mexico. He told the immigration official conducting his reasonable fear interview that police attacked him "five or six" times in 1998, but told the IJ that he was attacked every three to six weeks over a period of five years. Adverse credibility determinations can be based on "even minor inconsistencies." *Shrestha v. Holder*, 590 F.3d 1034, 1044 n.4 (9th Cir. 2010). Five or six times in 1998 is quite different from every three to six weeks over five years.

Monroy also expressed an unequivocal desire to remain in the United States, stating "I honestly don't want to go back to Mexico. I don't have anything there." Compare this sentiment with the fact that Monroy did not express to immigration officials that he feared returning to Mexico during immigration proceedings in 1999 or when he was deported in 2001. Not expressing a fear of returning to his home country when first meeting with immigration officials goes to the heart of Monroy's petitioned relief. This is inconsistent with his claims of persecution and this inconsistency "is of great weight." *Shrestha*, 590 F.3d at 1046–47.

Additionally, Monroy's explanations for these inconsistencies do not compel reversal of the adverse credibility finding. *See, e.g., Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). It is "only the most extraordinary circumstances [that] justify overturning an adverse credibility determination." *Shrestha*, 590 F.3d at 1041 (citation omitted). Those circumstances are not present here.

3.      The adverse credibility determination is also dispositive of Monroy's application for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *see also Matter of M-S-*, 21 I. & N. Dec. 125, 129 (BIA 1995) (concluding that a persecution claim that lacks veracity cannot satisfy the burden of proof necessary to establish eligibility for withholding of removal). Monroy's petition for withholding of removal is not supported by credible testimony, and the denial of his withholding of removal claim is supported by substantial evidence.

4.      Lastly, Monroy argues the BIA erred in finding him ineligible for CAT protection. To be eligible for CAT relief a petitioner must demonstrate that he or she would be more likely than not tortured upon returning to the country of removal. 8 C.F.R. § 1208.16(c)(2); *Abufayad v. Holder*, 632 F.3d 623, 632 (9th Cir. 2011). Further, a petitioner must demonstrate that he or she faces a "particularized threat" of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). An adverse credibility determination, as found here, "is not necessarily a death knell to CAT protection" but rather means that the petitioner must establish eligibility for CAT protection through independent corroborating evidence instead of discredited testimony. *See Shrestha*, 590 F.3d at 1048–49.

Monroy submitted country reports concerning generalized torture in Mexico, but he does not demonstrate a "particularized threat" of torture as required. 8

5

C.F.R. § 1208.16(c)(2); *see Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006). Monroy has not demonstrated that if removed to Mexico the Mexican government will more likely than not torture him; he simply refers to generalized violence in the country of removal. This is not enough. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019).

The petition for review is DENIED. The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Dkt. No. 1-3) is otherwise denied as moot.