# Matter of E-N-N-, Respondent

*Decided by Board March 20, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The Immigration Judge clearly erred in finding the respondent credible without addressing inconsistencies and implausibilities that were present in the record.

(2) The Immigration Judge's conclusory statement that there is a pattern or practice of persecution against Anglophones in Cameroon was not supported by record evidence, particularly given the Immigration Judge did not distinguish the respondent's family members, who remain unharmed in the country.

FOR THE RESPONDENT: Fedelis N. Fondungallah, Esquire, Avondale, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jessie Sizemore, Assistant Chief Counsel

BEFORE: Board Panel: GEMOETS and CHABAN, Appellate Immigration Judges; GILLIES, Temporary Appellate Immigration Judge.

GEMOETS, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the decision of the Immigration Judge dated June 25, 2025, granting withholding of removal to the respondent, a native and citizen of Cameroon. Section 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A) (2024). The respondent opposes the appeal. The appeal will be sustained and the record remanded.

On appeal, DHS argues the Immigration Judge clearly erred in her favorable credibility determination. *See* 8 C.F.R. § 1003.1(d)(3)(i) (2026). We agree. DHS has pointed out numerous inconsistencies and implausibilities that were not addressed by the Immigration Judge. *See* INA §§ 208(b)(1)(B)(iii), 241(b)(3)(C), 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C) (2024) (setting forth standard for credibility determinations).

---

[1] Pursuant to Order No. 6744-2026, dated April 21, 2026, the Acting Attorney General designated the Board's decision in *Matter of E-N-N-* (BIA Mar. 20, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

For instance, the Immigration Judge failed to explain whether the medical evidence is reliable when there are clear errors in the documents and the respondent failed to provide a plausible explanation. Furthermore, notable inconsistencies include the name of the hospital where treatment was provided, what treatment the respondent received, and what weapons caused his injuries that were purportedly produced by government officials beating him during prolonged detention. The Immigration Judge simply states that she finds the respondent to be a credible witness without providing any further evaluation.[2] This is clear error and requires further evaluation on remand. 8 C.F.R. § 1003.1(d)(3)(i).

We also find legal error in the Immigration Judge's determination that the respondent has proven there is a pattern or practice of persecution for those who are considered Anglophone in Cameroon. *See Matter of A-M-*, 23 I&N Dec. 737, 740–42 (BIA 2005); 8 C.F.R. § 1003.1(d)(3)(ii). The Immigration Judge again provides only a conclusory statement without providing adequate rationale to explain the determination. Specifically, the Immigration Judge has not explained why the respondent's independent evidence outside of his noncredible testimony would establish a pattern or practice such that he has met his burden to establish that his life or freedom would be threatened. *See* 8 C.F.R. § 1208.16(b)(2)(i), (ii) (2026). Additionally, the Immigration Judge uses an incorrect standard by concluding that there is a "likelihood" that the respondent would be persecuted or harmed simply based on his race. This is not the correct standard for withholding of removal, which requires a "clear probability" or "more likely than not" standard to be met. *See INS v. Stevic*, 467 U.S. 407, 424 (1984); *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021).

Further, the Immigration Judge determined that the respondent meets the standard for a pattern or practice of persecution despite some of his family members remaining in Cameroon without being persecuted or harmed. However, where similarly situated family remains unharmed in the country, the claim may be undermined. *See* 8 C.F.R. § 1208.16(b)(2)(i); *Suwarjo v. U.S. Att'y Gen.*, 274 F. App'x 794, 797 (11th Cir. 2008); *Candra v. U.S. Att'y*

---

[2] A respondent's credibility is an ancillary factor relevant to an Immigration Judge's ultimate decision and requires an Immigration Judge's analysis and findings to permit clear error review on appeal. *See* INA § 240(c)(4)(B); 8 U.S.C. § 1229a(c)(4)(B) (2024); *see also* 8 C.F.R. § 1003.1(d)(3)(i). Accordingly, the Immigration Judge erred by failing to provide clear credibility findings. *See Matter of M-S-*, 21 I&N Dec. 125, 129 (BIA 1995) (holding that a persecution claim that lacks veracity cannot satisfy burdens of proof necessary to establish eligibility for asylum and withholding of removal).

*Gen.*, 222 F. App'x 865, 870–71 (11th Cir. 2007). Here, the respondent's mother, siblings, and child remain in Cameroon and have not been harmed despite also being Anglophones. The Immigration Judge's decision provides no basis or explanation to distinguish the respondent's family members from himself. Further analysis and explanation is necessary on remand.

On remand, both parties may also submit additional evidence and arguments relevant to these applications for relief and protection, or any other relief based on current case law. Our decision to remand the record to the Immigration Judge should not be construed as indicating an opinion on the ultimate resolution of the respondent's case. *See generally Matter of L-O-G-*, 21 I&N Dec. 413, 422 (BIA 1996).

**ORDER:** The appeal is sustained, and the record is remanded for further proceedings consistent with the foregoing opinion and entry of a new decision.